IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Margaret J. Bausch,<br><br>                    Plaintiff,<br><br>          v.<br><br>Stryker Corporation,<br>Howmedica Osteonics Corporation, dba<br>Stryker Orthopaedics, and<br>Stryker Ireland, Ltd.<br><br>                    Defendants. | FILED: JULY 25, 2008    LI<br>08CV4248<br><br>JUDGE   DER YEGHIAYAN<br>MAGISTRATE   JUDGE ASHMAN<br>No.<br><br><br><br><br><br>**JURY DEMAND** |

## COMPLAINT

Margaret J. Bausch, by and through her attorneys, files this complaint against Stryker Corporation, Howmedica Osteonics Corporation, doing business as Stryker Orthopaedics, and Stryker Ireland, Ltd. alleging the following:

### JURISDICTION AND VENUE

1. Plaintiff is an Illinois citizen.

2. Defendant Stryker Corporation is incorporated in Michigan with its principal place of business in Michigan, making it a citizen of Michigan pursuant to 28 U.S.C. § 1332(c)(1).

3. Howmedica Osteonics Corporation is incorporated in New Jersey with its principal place of business in New Jersey, making it a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c)(1).

4. Stryker Ireland, Ltd. is incorporated in Ireland with its principal place of business in Ireland, making it a citizen of Ireland pursuant to 28 U.S.C. § 1332(c)(1).

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(3).

7. Defendants, and each of them, have transacted business in Illinois, committed tortious acts in Illinois, made or performed contracts in Illinois and made promises substantially connected to Illinois. Therefore, this court has personal jurisdiction over the defendants pursuant to the Illinois long arm statute, 735 ILCS § 5/2-209, subparagraphs (1), (2) and (7).

8. Defendants *reside* in this district within the meaning of the venue statute, and a substantial part of the events or omissions giving rise to the claims set forth in this complaint occurred in this district. Therefore, this district is a proper venue pursuant to 28 U.S.C. § 1391 (a)(1) and (2).

## COUNT I

### (Strict Liability in Tort)

9. Since 2003, defendants have manufactured, distributed and sold *Trident* brand ceramic on ceramic hip replacement systems in the ordinary course of business in the United States.

10.  On March 21, 2007, the plaintiff had right total hip replacement surgery performed at Neurologic & Othropedic Institute of Chicago.

11.  During this surgery a *Trident* brand ceramic on ceramic hip replacement system designed, manufactured and sold by the defendants was implanted into the plaintiff, including a component known as a *Trident Hemispherical Acetabular Shell* bearing catalog number 502-01-54E, which was recalled by the defendants on January 21, 2008.

12.  The *Trident* brand ceramic on ceramic hip replacement system implanted into the plaintiff was defective as manufactured, rendering it unreasonably dangerous.

13.  This unreasonably dangerous condition was present when the *Trident* brand ceramic on ceramic hip replacement system left the control of the defendants.

14.  As a direct and proximate result of the unreasonably dangerous *Trident* brand ceramic on ceramic hip replacement system, the plaintiff has been injured and sustained damages including, but not limited to, an unstable right hip, pain, suffering, disability, loss of a normal life, the need for revision surgery, delayed care for her left hip, and medical and other expenses. These losses have been incurred in the past, and will be incurred in the future. Some of plaintiff's losses are permanent.

**Wherefore**, plaintiff requests judgment in her favor against each of the defendants, jointly and severally, for the full amount of all damages and costs recoverable by law.

## COUNT II

### (Negligence)

15.  Since 2003, defendants have manufactured, distributed and sold *Trident* brand ceramic on ceramic hip replacement systems in the ordinary course of business in the United States.

16.  On March 21, 2007, the plaintiff had right total hip replacement surgery performed at Neurologic & Othropedic Institute of Chicago.

17.  During this surgery a *Trident* brand ceramic on ceramic hip replacement system designed, manufactured and sold by the defendants was implanted into the plaintiff, including a component known as a *Trident Hemispherical Acetabular Shell* bearing catalog number 502-01-54E, which was recalled by the defendants on January 21, 2008.

18.  The *Trident* brand ceramic on ceramic hip replacement system implanted into the plaintiff was defective as manufactured, rendering it unsafe for its intended uses.

19.  This unsafe condition was present when the *Trident* brand ceramic on ceramic hip replacement system left the control of the defendants.

20.  By early 2005, defendants received complaints indicating *Trident* brand ceramic on ceramic hip replacement systems were failing after being implanted.

21.  On March 13, 2006, defendants recalled a batch of Trident PSL HA Sold Back Acetabular Shells due to dimensional anomalies.

22. From October 31, 2006 to November 3, 2006, the United States Food and Drug Administration ("FDA") conducted an inspection at defendants' Cork, Ireland manufacturing facility. At the conclusion of this inspection defendants were notified by the FDA of numerous deficiencies in its manufacturing and inspection processes involving *Trident* brand ceramic on ceramic hip replacement systems.

23. On March 15, 2007, six days before plaintiff's right total hip replacement, after several months of inadequate response to the FDA findings by the defendants, the FDA issued a warning letter to defendants telling defendants that Trident Acetabular Hip Systems were adulterated due to manufacturing methods that were not in conformity with industry and regulatory standards.

24. Knowing all of this, defendants continued to supply Trident Acetabular Hip Systems to orthopedic surgeons including plaintiff's surgeon, without revealing it had been discovered that these artificial hips were out of compliance with defendant's specifications, industry standards and regulatory standards.

25. It was the duty of the defendants to exercise reasonable care to protect the safety of the plaintiffs and others yet, notwithstanding this duty, defendants negligently manufactured and sold a *Trident* brand ceramic on ceramic hip replacement system that was out of compliance with defendants' specifications, industry standards and regulatory standards which was then implanted into the plaintiff due to defendants' failure to inform plaintiff's doctor and others about risks defendants knew or should have known about.

26. As a direct and proximate result of defendants' negligence the plaintiff has been injured and sustained damages including, but not limited to, an unstable right hip, pain, suffering, disability, loss of a normal life, the need for revision surgery, delayed care for her left hip, and medical and other expenses. These losses have been incurred in the past, and will be incurred in the future. Some of plaintiff's losses are permanent.

**Wherefore**, plaintiff requests judgment in her favor against each of the defendants, jointly and severally, for the full amount of all damages and costs recoverable by law.

### PLAINTIFF DEMANDS TRIAL BY JURY.

Margaret J. Bausch

By: s/ David E. Rapoport
One of the Plaintiff's Attorneys

David E. Rapoport, #06181294
drapoport@rapoportlaw.com
Joshua L. Weisberg, #06287650
jweisberg@rapoportlaw.com
Rapoport Law Offices, P.C.
20 North Clark Street, Suite 3500
Chicago, IL  60602
(312) 327-9880
(312) 327-9881 (fax)