**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

MARGARET J. BAUSCH,

        Plaintiff,

    v.                                                        Case No.  08 CV 4248

STRYKER CORPORATION,                    **Honorable Samuel Der-Yeghiayan**
HOWMEDICA OSTEONICS
CORPORATION DBA STRYKER
ORTHOPAEDICS,  AND
STRYKER IRELAND, LTD.,

        Defendant.

**ANSWER**

    Comes the Defendant, Stryker Corporation ("Stryker"), by counsel, and for its Answer to the Complaint states as follows:

**JURISDICTION AND VENUE**

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2.    Defendant admits the allegations contained in paragraph 2.

3.    In response to paragraph 3, Defendant admits that Howmedica Osteonics Corp. (incorrectly identified as Howmedica Osteonics Corporation)("HOC"), a division of which is Stryker Ireland, is incorporated in New Jersey with its principal place of business in New Jersey, making it a citizen of New Jersey pursuant to 28 U.S.C. 1332 (c)(1).

4.    Defendant admits that Stryker Ireland, Ltd. is incorporated in Ireland with its principal place of business in Ireland, but the remaining allegations contained in paragraph 4 are legal conclusions and are therefore denied.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and therefore denies the same.

6.      The allegations contained in paragraph 6 of the Complaint set forth legal conclusions for which no answer is required.  To the extent a response is necessary, Defendant admits the allegations in paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, Defendant denies that the defendants have committed tortious acts in Illinois.  Additionally, the allegations contained in paragraph 7 of the Complaint set forth legal conclusions for which no answer is required. To the extent a response is necessary, Defendant denies the allegations in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint set forth legal conclusions for which no answer is required.  To the extent a response is necessary, Defendant denies the allegations in paragraph 8 of the Complaint.

**COUNT I**

9.      In response to paragraph 9 of the Complaint, Defendant admits that HOC manufactured, distributed, and sold Trident™ ceramic-on-ceramic hip replacement systems in the United States, but denies the remaining allegations in paragraph 9 as they apply to Stryker.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11.     Defendant admits that catalog number 502-01-54E was recalled by HOC, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and therefore denies the same.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of the Complaint.

## COUNT II (NEGLIGENCE)

15.    In response to paragraph 15 of the Complaint, Defendant admits that HOC manufactured, distributed, and sold Trident™ ceramic-on-ceramic hip replacement systems in the United States, but denies the remaining allegations in paragraph 15 as they apply to Stryker.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same.

17.    Defendant admits that catalog number 502-01-54E was recalled by HOC, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and therefore denies the same.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.    Defendant admits that certain Trident PSL HA Solid Back Acetabular Shells were recalled by HOC on March 13, 2006, but denies the remaining allegations contained in paragraph 20 of the Complaint.

22.    The allegations of  paragraph 22 of the Complaint are overbroad and conclusory, but Defendant admits that the FDA conducted an inspection of the Cork, Ireland manufacturing facility between October 31, 2006 through November 3, 2006, and denies the remaining allegations in paragraph 22 of the Complaint.

23.    In response to paragraph 23 of the Complaint, Defendant admits that the FDA issued a warning letter to HOC on March 15, 2007, but denies the remaining allegations contained in paragraph 23 of the Complaint.

24.    In response to paragraph 24 of the Complaint, Defendant admits that HOC supplied

Trident™ hip replacement systems to orthopedic surgeons, but denies the remaining allegations

contained in paragraph 24 of the Complaint.

25.    In response to paragraph 25 of the Complaint, Defendant states that plaintiff's recitation

of the Defendant' alleged duty is a legal conclusion for which no answer is required.  To the

extent a response is necessary, Defendant denies that allegation.  Defendant denies the remaining

allegations contained in paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in paragraph 26 of the Complaint.

27.    All allegations of the Complaint not specifically admitted herein are denied.

## FIRST AFFIRMATIVE

The Complaint fails to state a claim against this Defendant upon which relief can be

granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, by the Doctrine of Federal

Preemption by the Medical Device Amendments of 1976, 21 U.S.C. Section 360(k).

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims may be barred by the applicable statute of limitations and/or the

statute of repose.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff expressly and/or impliedly assumed the risk, including the risk of pre-

operative, intra-operative and post-operative problems associated with surgery.

## FIFTH AFFIRMATIVE DEFENSE

Any alleged injuries were the result of the intervening or superseding conduct of the

plaintiffs, independent third-parties, or events over whom or over which this Defendant had no control and no duty to control.

## SIXTH AFFIRMATIVE DEFENSE

Any devices implanted here were as safe as feasible for a socially desirable purpose, and thus the claims against the manufacturer or this Defendant is barred by the doctrine set forth in Restatement (2d) of Torts Section 402A, Comment k and Restatement (3d) of Torts Section 2, Comment d.

## SEVENTH AFFIRMATIVE DEFENSE

Any devices implanted here were designed, manufactured and distributed in accordance with the prevailing standards and customs of the state-of-the-art of the industry at that time; and at the time any such devices left the control of the manufacturer, a practical and technically feasible alternative design was not available that would have prevented the harm for which the plaintiffs seeks to recover against this Defendant without substantially impairing the usefulness or intended purposes of such devices.

## EIGHTH AFFIRMATIVE DEFENSE

Any alleged defects is inherent characteristics of any prosthetic device components which cannot be eliminated without substantially compromising the device's usefulness or desirability.

## NINTH AFFIRMATIVE DEFENSE

The utility of any devices implanted here outweighs any associated risk.

## TENTH AFFIRMATIVE DEFENSE

Any alleged damages may be limited in whole or part by the plaintiff's failure to mitigate.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's negligence may have contributed in whole or in part to cause any alleged injuries.  Plaintiff's claims may be barred and/or reduced by plaintiffs' contributory or comparative negligence and plaintiff's contributory or comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of the claims against this Defendant may fail due to the lack of a duty owed to the plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant did not have a duty to provide any warning for any of the devices implanted here in addition to, or other than, the warnings provided in conformity with the requirements of the federal Food, Drug and Cosmetic Act and regulations of the Food and Drug Administration.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any device implanted here is not and never has been defective in design or formulation because it is an ethical, federally-regulated medical device; the manufacturer provided adequate warnings and instructions to the physician and/or healthcis professional who dispensed the device; and neither the federal Food, Drug and Cosmetic Act nor the federal Food and Drug Administration require that the manufacturer should or must give any warning or instruction relative to the device directly to the ultimate user of that device.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any device implanted here is a reasonably safe medical device because reasonable instructions or warnings regarding the foreseeable risks of harm were provided to the prescribing

physician and/or other healthcare professionals who were in a position to reduce the risks of harm in accordance with those instructions or warnings, as to which plaintiffs' claims is barred by the doctrine set forth in Restatement (3d) of Torts: Products Liability § 6(d).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff, in consenting to the treatment prescribed by a physician or other healthcare professional, expressly and voluntarily assumed the risk of any injury or adverse effects associated with any device implanted here.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery against this Defendant is barred by the responsible/learned intermediary doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Misuse of any device or components implanted here by the user and/or the implanting surgeon and/or the hospital may have caused, or contributed to causing, all or part of plaintiff's alleged harm.

## NINETEENTH AFFIRMATIVE DEFENSE

No action or inaction by this Defendant was the proximate cause of plaintiff's injuries, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The literature for any product manufactured by the Defendant gave full, complete and adequate warnings as required by applicable federal statutes and regulations.  Assuming

*arguendo* that plaintiff's claims is not totally preempted, the Defendant' conduct or product cannot give rise to any of these stated causes of action.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant had no duty to provide any warning for any of its products used in the procedure described in the Complaint, other than warnings provided in conformity with the requirements of the federal Food, Drug and Cosmetic Act and regulations of the Food and Drug Administration.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Defendant reserve the right to assert all defenses, whether affirmative or otherwise, about which the Defendant presently lacks sufficient information but which may become available to the Defendant during the course of this litigation.

WHEREFORE, the Defendant, Stryker Corporation, by counsel, respectfully requests as follows:

1.    That the Complaint and all claims against it be dismissed with prejudice at the plaintiffs' cost;

2.    That judgment be entered in favor of the Defendant, Stryker Corporation;

3.    That it be awarded its costs and fees incurred in defending this action;

4.    That it have trial by jury on all issues so triable; and

5.    That it be awarded all other relief to which it appears entitled.

STRYKER CORPORATION, HOWMEDICA OSTEONICS CORP., STRYKER IRELAND, LTD.


By:    */s/ Brian H. Meldrum*
        By Its Attorneys

Brian H. Meldrum
Illinois ARDC No. 6271672
STITES & HARBISON, PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
(502) 587-3400

Dated:  September 2, 2008


## CERTIFICATE OF SERVICE

       I hereby certify that on September 2, 2008, a copy of the foregoing document was filed electronically.

       I further certify that I have served the document by first-class mail, postage prepaid, on the following non CM/ECF participants:


    David E. Rapoport
    drapoport@rapoportlaw.com
    Joshua L. Weisberg
    jweisberg@rapoportlaw.com
    Rapoport Law Offices, P.C.
    20 North Clark Street, Suite 3500
    Chicago, IL 60602


        */s/ Brian H. Meldrum*
        Brian H. Meldrum